# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**KAITLYN LOH**                                        **CIVIL ACTION**

**VERSUS**                                             **NO. 22-2290-WBV-MBN**

**ECOLAB INC**                                         **SECTION: D (5)**

## <u>ORDER AND REASONS</u>

Before the Court is an Unopposed Motion to Remand, filed by plaintiff, Kaitlyn Loh.[1] According to the Motion, and the exhibit attached thereto, defendant, Ecolab, Inc., agrees that this case should be remanded to state court.[2]

After considering the Motion and the applicable law, for the reasons expressed below, the Motion to Remand is **GRANTED** and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On or about March 11, 2022, Kaitlyn Loh ("Plaintiff") filed a Petition for Damages against Ecolab, Inc. ("Defendant") in Civil District Court for the Parish of Orleans, State of Louisiana, seeking damages from a motor vehicle accident that occurred on March 13, 2021.[3] On July 22, 2022, Ecolab, Inc. ("Defendant") filed a Notice of Removal, asserting that this Court has subject matter jurisdiction over

---

[1] R. Doc. 15.

[2] *Id*. at p. 2 (*citing* R. Doc. 15-1).

[3] R. Doc. 9-1.

Plaintiff's personal injury case based upon 28 U.S.C. § 1332, diversity jurisdiction.[4] On July 25, 2022, the Court issued an Order, giving Defendant until August 1, 2022 to file a comprehensive amended notice of removal that properly sets forth the citizenship particulars of all of the parties and alleges sufficient facts to show the amount in controversy was satisfied at the time of removal, as required to establish diversity jurisdiction.[5]  Pursuant to that Order, Defendant filed an Amended Notice of Removal on August 1, 2022.[6]

On August 4, 2022, Plaintiff filed a Stipulation into the record, stipulating that, "the amount in controversy herein is less than $75,000.00," and further stipulating that neither Plaintiff nor her counsel will, at any time, seek to obtain and/or execute any judgment that exceeds $75,000.00, exclusive of interest and costs.[7]

Plaintiff filed the instant Motion to Remand on August 17, 2022, asserting that this case should be remanded to state court for lack of jurisdiction based upon her Stipulation, which shows that the amount in controversy is less than $75,000.00, exclusive of interest and costs.[8]  In the Motion, Plaintiff asserts that Defendant "has agreed that this case should be remanded."[9]  Plaintiff attached as an exhibit to her Motion an email from defense counsel dated August 16, 2022, in which counsel stated that, "In light of plaintiff's recent stipulation to damages being less than $75,000,

---

[4] R. Doc. 1 at ¶ III.  Defendant asserts that removal is timely because it was not served with the Petition until June 23, 2022.  *Id.*
[5] R. Doc. 7.
[6] R. Doc. 9.
[7] R. Doc. 13.
[8] R. Doc. 15.
[9] *Id.* at p. 2.

Ecolab Inc. consents to the Motion for Remand which can be filed as unopposed."[10]

As such, the Motion to Remand is unopposed.

## II.    LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[11]   When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[12]   Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[13]   The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[14]   The removing party has the burden of proving federal diversity jurisdiction.[15]   If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[16]   Remand is proper if at any time the court lacks subject matter jurisdiction.[17]

Having reviewed the Unopposed Motion to Remand, Plaintiff's Stipulation, and defense counsel's email, the Court finds that the Stipulation establishes with

---

[10] R. Doc. 15-1 at p. 1.
[11] 28 U.S.C. § 1441(a).
[12] 28 U.S.C. § 1332(a)-(a)(1).
[13] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[14] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[15] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[16] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[17] *See,* 28 U.S.C. § 1447(c).

legal certainty that Plaintiff's claims are for less than $75,000.00.  Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and this matter must be remanded.

## III.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Unopposed Motion to Remand[18] is **GRANTED.**  This matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, August 19, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[18] R. Doc. 15.